IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION


JOHN R. BUTLER and STEPHANIE BUTLER                    PLAINTIFF(S)

V.                                        CIVIL ACTION NO. 1:17CV-19-DAS

MUELLER COOPER TUBE COMPLANY, INC., et al           DEFENDANT(S)

ORDER

This matter is before the court on the plaintiffs' motion to compel discovery.  In this

action the plaintiffs seeks damages for the alleged bad faith of the defendants in John Butler's

workers compensation case.   The plaintiffs allege that the defendants wrongfully denied and

delayed indemnity and medical benefits in that case.   The defendants, the plaintiff's employer

who has a $500,000 deductible, its workers compensation insurer, and Sedgewick James, its

third party administrator, assert that their handling of the workers compensation case was

reasonable based upon the time at which the insurer received actual notice of claims and other

pertinent information from their workers compensation defense counsel.  The plaintiffs argue

that the attorney is the agent for the defendants and that any delay attributable to the attorney is

charged to the defendants and the defendants are charged with the knowledge of their counsel.

After a discussion with plaintiffs' counsel about disclosing some confidential

information, and after counsel agreed that such disclosure would not waive all claims of

privilege, the defendants produced over 800 pages of the Sedgewick James claims file with

redactions.  The produced confidential documents show when the defendants received actual

notice about various items from their attorney.

The plaintiffs argue that the defendants should be required to produce the redacted documents including communications from their attorney because: 1) the defendants failed to produce a privilege log; 2) that the partial production of privileged documents waived the attorney-client privilege; 3) that the defendants have, by blaming their counsel for delays, waived the attorney-client privilege; and 4 ) that some documents were inadvertently copied to outside parties.

First, the defendants urge the court to deny the motion as untimely under the local rules. Next, they argue that the manner of production obviates the need for a privilege log. They argue that because plaintiffs' counsel agreed to a disclosure of some privileged information, such production should not be waive the defendants' other claims of privilege. The defendants admit that certain documents to which it asserts a claim of privilege were produced to an independent nurse manager who is not covered by the attorney-client privilege, but that such disclosures were inadvertent and should not act to waive its attorney-client and/or work product privileges.

Having considered the motion and the arguments of the parties, the court finds that the motion to compel should be denied. First, the court finds that under the circumstances the motion is untimely. The local rules provide that discovery motions should be filed "sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U.Civ.R. 7(b)(2)(C). While the time when discovery is produced to a requesting party may in some cases excuse strict compliance with this rule, the defendants discussed producing a redacted claims file with plaintiffs' counsel on August 4, 2017, and produced the documents on September 12, 2017. While the plaintiffs claim they were not on notice of the claim that the defendants' attorney was

responsible for any delay until January 5, 2018, when they took the Sedgewick James deposition, the documents produced put them on notice.  Even if the plaintiffs were not on notice until early January, there was a then pending March 6, discovery deadline.  The deadline was extended to April 6, 2018 after a status conference on the day the deadline was set to expire.  The plaintiffs did not file their motion to compel until March 12, 2018.  With a quick response by the defendants and a prompt reply by the plaintiffs, the motion was ripe for decision on the afternoon of March 27, 2018, leaving just eight business days for a decision by the court and for compliance with any order before the discovery deadline ran.   This is less time than is reasonably required for decision, issuance of an order and time for compliance within the discovery deadline.  The motion was therefore not timely filed, nor has any good cause been shown to excuse this failure to comply.

The court notes the failure of defense to produce a privilege log.  The local rules are clear that where there are redactions or documents are withheld based on a claim of privilege, a privilege log is required.  The duty to produce the privilege log is on the party claiming privilege, and the plaintiffs were under no obligation to request a privilege log.  *Blackard v. Hercules, Inc.*, 2014 WL 2515197 (S.D. Miss. June 4, 2014).  However, it seems that the manner of production in this case provides plaintiffs' counsel with an approximation of the information that would be found in a privilege log.  Rather than simply withholding documents, the defendants have produced the claims file with portions redacted or blacked out.   To counsel familiar with workers compensation, the claims file and the manner in which redactions have been performed allows for an identification of the type of information being withheld from production, such as reserves or communications to or from the workers compensation counsel.  Because the manner

in which the defendants produced the documents provides sufficient information and because the plaintiffs have not been prejudiced, the court declines to impose the severe sanction of imposing a waiver of the privilege.

Additionally, the court finds that the motion should be denied on the merits. The plaintiffs agreed that production of some privileged documents would not operate as a waiver of all privilege claims. While selective production of documents or privilege information can result in a waiver of the privilege, *Jackson Clinic for Women, P.A.,* 836 So.2d 767 (2003), the court sees no compelling reason to excuse the plaintiffs from the agreement they made with defense counsel.

Further, it appears to the court that the unredacted documents produced cover the pertinent issues in this action. The plaintiffs have alleged that the defendants denied and delayed the payment of indemnity payments and medical expenses without any arguable basis and are therefore liable for punitive damages. In their response to this allegation, the defendants point to defense counsel in the underlying workers compensation claim as a cause of delay in receipt of actual notice. There is nothing to suggest that such a defense would lead to a complete waiver of the attorney client privilege. Again, the defendants are arguing that the fault may lie with defense counsel in the underlying workers compensation claim, but only insofar as that attorney may have caused a delay in providing notice – there is nothing to suggest that defense counsel advised any of the defendants on any substantive matter that could be at issue or would lead to a waiver of the privilege.

Finally the court finds that the inadvertent disclosure of confidential communications to the nurse case manager should not work a waiver of the privilege in this action. F.R.E. 502(c).

IT IS, THEREFORE, ORDERED that the plaintiffs' motion to compel production is denied.

SO ORDERD this the 11th day of April, 2018.


/s/ David A. Sanders
UNITED STATE MAGISTRATE JUDGE